FRANK B. OLDHAM et al., Appellants, and GREAT EASTERN GAS CORPORATION, Respondent, *v.* H. THEODORE McROBERTS, Appellant-Respondent, et al., Defendant.

Fourth Department, May 21, 1964.

*Joslin & Joslin* (*Norman E. Joslin* of counsel), for appellant-respondent.

*Gunderman, Barone, Wende & Piazza* (*Mark N. Turner, Basil R. Piazza* and *Harry E. Lorenzo* of counsel), for appellants and respondent.

DEL VECCHIO, J.    On August 21, 1951 the Charleroi Mountain Club of Pennsylvania granted a prospecting option to the Phelps Prospecting Company. The option provided *inter alia* that Phelps Prospecting was to procure a drilling company to drill

for gas on the property of the club; that the club was to receive a one-eighth royalty on all gas produced; that Phelps Prospecting was to receive its compensation from the drilling company; and that Phelps Prospecting could not assign the agreement without the consent of the club.

Phelps Prospecting then procured Keta Gas and Oil Company to drill on the club's land, and Keta entered into a drilling agreement with the club providing for a one-eighth royalty to the club. Keta had agreed to pay Phelps Prospecting a $3,000 cash bonus and a royalty of one-eighth of Keta's seven-eighth interest for Phelps Prospecting's services in arranging the lease with the club. Thereafter, on November 14, 1951, Keta paid the $3,000 cash bonus, and executed an instrument at the request of plaintiff Oldham granting the one-eighth overriding royalty, not to Phelps Prospecting, but to plaintiff Great Eastern Gas Corporation. This one-eighth overriding royalty (the Charleroi override), which has produced profits of about $480,000, is the basis of the present controversy.

In September, 1953 defendant McRoberts and a group of his associates, claiming to constitute Phelps Prospecting Company, commenced a suit in the Court of Common Pleas, Allegheny County, Pennsylvania, against Great Eastern and Keta, asking that Keta's grant or assignment of the Charleroi override to Great Eastern be cancelled; that Keta be ordered to assign the override to McRoberts et al., doing business as Phelps Prospecting; and that all of the proceeds of the override be paid to plaintiffs. The Chancellor decreed that Keta's grant of the override to Great Eastern was null and void; that Keta execute a new agreement granting the override to McRoberts and associates; and that all of the proceeds of the override be paid to Phelps Prospecting. The Chancellor's findings and decision were sustained by the Court of Common Pleas in 1956 and by the Pennsylvania Supreme Court in 1958. (*McRoberts* v. *Phelps*, 391 Pa. 591.)

The plaintiff Great Eastern brought this action to recover damages for loss of the Charleroi overriding royalty allegedly caused by a master conspiracy of McRoberts and others, as a part of which they adduced perjured testimony and false documents at the Pennsylvania trial thus fraudulently inducing that court to enter judgment on behalf of McRoberts and against Great Eastern.

The answer denies these allegations and sets up the Pennsylvania judgment as a complete defense and bar to this action.

Trial Term held that the Pennsylvania judgment was no bar and awarded Great Eastern damages in the amount of the

proceeds of the Charleroi override, upon the theory that Great Eastern, not Phelps Prospecting, was the true owner of the override and that McRoberts perpetrated a fraud upon the Pennsylvania courts in obtaining the Charleroi override from Great Eastern.

In awarding this judgment the trial court redetermined all the issues concerning the activities of the various parties in procuring the Charleroi royalty which Great Eastern had litigated fully and which had been resolved adversely to Great Eastern in the Pennsylvania action.

It is apparent that the judgment cannot stand; applying the doctrine of full faith and credit, plaintiff cannot recover on the third cause of action set forth in the complaint upon which judgment has been rendered.

Notwithstanding its protestations to the contrary, plaintiff by this cause of action is in effect attempting to impeach the judgment rendered in Allegheny County, State of Pennsylvania. Judgment in its favor in the present action of necessity rests upon a determination that it, not Phelps Prospecting, was the true owner of the Charleroi override and is a repudiation of the Pennsylvania judgment which embodies exactly the opposite conclusion.

However, section 1 of article IV of the United States Constitution and section 1738 of title 28 of the United States Code require that the courts of this State accord full faith and credit to the judgment of the Pennsylvania courts. The extent of this obligation is stated in *Parker* v. *Hoefer* (2 N Y 2d 612, 616): "Because there is a full faith and credit clause, defendant may not a second time challenge the validity of plaintiff's right which has ripened into a judgment (*Magnolia Petroleum Co.* v. *Hunt*, 320 U. S. 430), which is to say that a judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata* in the absence of fraud or collusion". Stated otherwise, a State court is required to recognize the judgment of a court of another State unless the court rendering the judgment was without jurisdiction or the judgment was obtained by extrinsic fraud.

In order to bring itself within the exception which permits attack on a foreign judgment on the basis of fraud or collusion, plaintiff has set forth extensive allegations of fraudulent conduct by defendants. These allegations however, and the proof offered in support thereof, relate almost entirely to conduct of defendants prior to the trial of the Pennsylvania action, the propriety of which was put in issue and completely litigated in that action. The prior determination is conclusive of the

claims of fraudulent conduct and the full faith and credit clause prohibits their reconsideration. (*Dobson* v. *Pearce,* 12 N. Y. 156; *United States* v. *Silliman,* 167 F. 2d 607, cert. den. 335 U. S. 825.) Since plaintiff was not "robbed of the opportunity to uncover [its] grievance and expose it to the court" (*Fuhrmann* v. *Fanroth,* 254 N. Y. 479, 482) and had fully litigated the alleged fraud, that judgment is a complete bar to this action under the full faith and credit clause, the function of which is to avoid relitigation in other States of issues already adjudicated. (*Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 438.)

The only additional testimony of fraud not litigated in the previous action was that charging defendants with procuring the Pennsylvania judgment by means of fraudulent documents and testimony known to them to be false. However, this is not the type of fraud which will justify a collateral attack upon a judgment. (*Crouse* v. *McVickar,* 207 N. Y. 213, 218–219.) Assuming that the Pennsylvania judgment would be subject to impeachment under the qualification to the full faith and credit rule (*Gray* v. *Richmond Bicycle Co.,* 167 N. Y. 348; *Brone* v. *Golde,* 267 N. Y. 284), plaintiff would have to prove some extrinsic fraud (not already litigated) apart from the manner in which the judgment was obtained. (*Burbrooke Mfg. Co.* v. *St. George Textile Corp.,* 283 App. Div. 640; *Britton* v. *Gannon,* 285 P. 2d 407 [Okla.], cert. den. 350 U. S. 886; *Second Nat. Bank of Philadelphia* v. *Thompson,* 141 N. J. Eq. 188; *Perkins* v. *Benguet Cons. Min. Co.,* 55 Cal. App. 2d 720, cert. den. 319 U. S. 774, rehearing den. 320 U. S. 803.)

Without such proof, the full faith and credit requirement remains, and plaintiff has failed to establish the third cause of action.

There is another compelling reason why the judgment in favor of plaintiff must be reversed. That ground is predicated upon the rule of collateral estoppel, under which "a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result in the first suit." (*Evergreens* v. *Nunan,* 141 F. 2d 927, 928, cert. den. 323 U. S. 720.) "The doctrine of collateral estoppel ' is essentially a rule of justice and fairness ', and the essence of the rule is ' that a question once tried out should not be relitigated between the same parties or their privies ' (*Commissioners of State Ins. Fund* v. *Low,* 3 N Y 2d 590, 595)." (*Hinchey* v. *Sellers,* 7 N Y 2d 287, 294; *Pilgrim Food Prods. Co.* v. *Filler Prods.,* 393 Pa. 418.) Defendant-appellant by his answer has pleaded the factual determinations necessarily made in the Pennsylvania action which resolved,

against plaintiff herein, the very issues upon which it would have to succeed to obtain a judgment in the present action. The record of the prior action and the opinions rendered therein, which were introduced in evidence in the present case, conclusively establish that these issues were in fact decided in that litigation. Consequently, the affirmative defense of collateral estoppel bars a judgment for plaintiff.

It must be observed that no appeal to this court was taken by the defendant Phelps who defaulted in the action. Accordingly, the judgment should be modified by reversing the last decretal paragraph insofar as it awards judgment in favor of Great Eastern against the defendant McRoberts and by directing that judgment be entered in favor of said defendant dismissing Great Eastern's complaint, and, as so modified, the judgment should be affirmed.

WILLIAMS, P. J., BASTOW and NOONAN, JJ., concur.

Judgment unanimously modified on the law and facts by reversing the last decretal paragraph insofar as it awards judgment in favor of Great Eastern against defendant McRoberts and directing judgment in favor of said defendant dismissing Great Eastern's complaint and as modified judgment affirmed, with costs to defendant McRoberts against Great Eastern Gas Corp. New findings of fact and conclusions of law made, and inconsistent findings and conclusions reversed.