■ JOHN B. SUREDA, Appellant, v ALBERT F. DIAMONTI, Respondent. [751 NYS2d 874] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 22, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated February 15, 2002, as denied that branch of his motion which was for leave to renew the defendant's motion.

Ordered that the order dated October 22, 2001, is affirmed; and it is further,

Ordered that the order dated February 15, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On June 25, 1999, the plaintiff was injured when the defendant's vehicle struck his vehicle as he made a left-hand turn from Hudson View Drive directly into the path of the defendant's vehicle, which was proceeding along Route 9D in the Town of Fishkill. The defendant moved for summary judgment dismissing the complaint on the basis that the accident was caused solely by the negligence of the plaintiff in failing to yield the right-of-way to him at the intersection. The Supreme Court granted the defendant's motion, and we affirm.

The defendant demonstrated his entitlement to judgment as a matter of law by establishing that the plaintiff failed to yield the right-of-way to the defendant when the plaintiff made a left-hand turn directly into the path of the defendant's vehicle, as he legally proceeded through an intersection (see Welch v Norman, 282 AD2d 448; Pryor v Reichert, 265 AD2d 470).

In opposition to the motion, the plaintiff's conclusory and speculative assertions concerning the defendant's possible negligence were unsupported by any competent evidence or applicable law. Thus, the plaintiff did not overcome the defendant's prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew the defendant's motion. The eyewitness affidavit presented by the plaintiff did not offer any new facts that would change its prior determination (*see* CPLR 2221 [e]; *Matrix Fin. Servs. Corp. v McKiernan,* 295 AD2d 579; *Rosa v Tountasakis,* 55 AD2d 614). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.