■ PAUL ZUCCARINI, Respondent-Appellant, v ZIFF-DAVIS MEDIA, INC., et al., Appellants-Respondents, WILLIS STEIN & PARTNERS, Respondent, et al., Defendant. [762 NYS2d 621] —In an action, inter alia, to recover damages for breach of contract, the defendants Ziff-Davis Media, Inc., and Ziff-Davis Publishing, Inc., appeal from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), entered June 3, 2002, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and (2) an order of the same court entered October 8, 2002, which denied their motion for leave to reargue and renew the prior motion, and the plaintiff cross-appeals from so much of the order entered October 8, 2002, as denied his motion for leave to renew a prior motion of the defendant Willis Stein & Partners.

Ordered that the appeal by the defendants Ziff-Davis Media, Inc., and Ziff-Davis Publishing, Inc., from so much of the order entered October 8, 2002, as denied that branch of their motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 3, 2002, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Ziff-Davis Media, Inc., and Ziff-Davis Publishing, Inc., which was to dismiss so much of the plaintiff's third cause of action as sought punitive damages against those defendants, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered June 3, 2002, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered October 8, 2002, is affirmed insofar as reviewed, without costs or disbursements.

We decline to consider the plaintiff's argument that the defendants Ziff-Davis Media, Inc., and Ziff-Davis Publishing, Inc. (hereinafter collectively referred to as Ziff-Davis) did not take a timely appeal from the order entered June 3, 2002 (*see* CPLR 5513 [a]). The record is silent with respect to service of the relevant order with notice of entry. We further note that the plaintiff did not move to dismiss the appeal as untimely.

Thus, this Court is unable to determine whether there has been compliance with the statutory requirements, and we will not assume that the appeal is untimely (*see Matter of Nancy C. v John J. O'C.,* 50 AD2d 800 [1975]).

Turning to the merits, Ziff-Davis contends that the alleged oral agreement to confer upon the plaintiff an equity interest in The Net Economy, a publication which the plaintiff conceived and developed while employed by Ziff-Davis and its predecessor, Interactive Enterprises, is unenforceable because it could not be performed within one year. The Supreme Court properly rejected Ziff-Davis's argument that the statute of frauds is a bar to enforcement of the alleged oral agreement. General Obligations Law § 5-701 (a) (1) has consistently been interpreted to encompass only those contracts which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454 [1984]). Here, the statute of frauds is not a bar to enforcement of the alleged oral agreement because its performance within one year was possible (*see D & N Boening v Kirsch Beverages, supra; Cron v Hargro Fabrics,* 91 NY2d 362 [1998]).

The complaint adequately states causes of action sounding in quasi contract, under the theories of unjust enrichment and quantum meruit. Where, as here, there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as contract, and will not be required to elect his or her remedies (*see Old Salem Dev. Group v Town of Fishkill,* 301 AD2d 639 [2003]; *Sforza v Health Ins. Plan,* 210 AD2d 214 [1994]). The complaint sufficiently alleges a cause of action to recover damages for misappropriation of an idea (*see Downey v General Foods Corp.,* 31 NY2d 56 [1972]; *Paul v Haley,* 183 AD2d 44 [1992]).

The Supreme Court properly determined that the cause of action based upon the doctrine of promissory estoppel should not be dismissed at this juncture (*see Shapiro v Shorenstein,* 157 AD2d 833 [1990]; *Ackerman v Landes,* 112 AD2d 1081 [1985]; *Buddman Distribs. v Labatt Importers,* 91 AD2d 838 [1982]).

The allegations of fraud are sufficiently collateral to the alleged agreement to support a claim of fraud in the inducement (*see Graubard Mollen Dannett & Horowitz v Moskovitz,* 86 NY2d 112 [1995]; *Deerfield Communications Corp. v Chesebrough-Ponds Inc.,* 68 NY2d 954 [1986]; *Alamo Contr. Bldrs. v CTF Hotel Co.,* 242 AD2d 643 [1997]). However, the

claim for punitive damages should have been dismissed since the complaint alleges only a private wrong and Ziff-Davis's alleged conduct did not rise to the level of moral culpability warranting punitive damages (*see Giblin v Murphy,* 73 NY2d 769 [1988]; *Sforza v Health Ins. Plan, supra; Rose Lee Mfg. v Chemical Bank,* 186 AD2d 548 [1992]).

The Supreme Court properly denied that branch of Ziff-Davis's motion which was for leave to renew, as the affidavits presented by Ziff-Davis did not offer any new facts that would change its prior determination (*see* CPLR 2221 [e] [2]; *Sureda v Diamonti,* 300 AD2d 572 [2002]; *Matrix Fin. Servs. Corp. v McKiernan,* 295 AD2d 579 [2002]). The Supreme Court also properly denied the plaintiff's motion for leave to renew the prior motion of the defendant Willis Stein & Partners, since the plaintiff did not demonstrate reasonable justification for his failure to present the purported newly-discovered facts on the original motion (*see* CPLR 2221 [e] [3]).

The parties' remaining contentions are without merit. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.