█ Eddie Sanango et al., Respondents, v New York City Health and Hospitals Corporation, Defendant. New York City Department of Social Services, Nonparty Appellant. [775 NYS2d 343]—

In an action to recover damages for medical malpractice, etc., the nonparty, New York City Department of Social Services appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Garry, J.), dated May 2, 2001, as, upon the granting of the plaintiffs' motion for leave to settle a claim by an infant, and upon approving a structured settlement of the action and the creation of a supplemental needs trust, directed that any guaranteed payments under the settlement still owing the infant at the time of his death be paid to his estate, and (2) from a decision of the same court dated October 10, 2002.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from an decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements.

The infant petitioner was profoundly and permanently disabled as the result of negligent medical care. His parents moved for leave to settle the infant's claim for damages arising from medical malpractice for the principal sum of $2,000,000 (*see* CPLR 1207). After the payment of certain amounts, including $200,000 to the nonparty appellant, the New York City Department of Social Services (hereinafter the DSS), to settle a lien for past Medicaid benefits, the balance of the settlement money was to be used to fund a Supplemental Needs Trust (hereinafter SNT) for the benefit of the infant. One purpose of the SNT was to exempt such money from being considered in determining the eligibility of the infant for continued Medicaid benefits.

In relevant part, Social Services Law § 366 (2) (b) (2) (iii) provides that the corpus or income of such a trust is not considered as available income or resources to the extent that the amounts remaining in the trust upon the death of the beneficiary are not retained by the trust and the state "will receive all such . . . amounts up to the total value of all medical assistance paid on behalf" of the beneficiary (*see generally Cricchio v Pennisi,* 90 NY2d 296 [1997]). A trust instrument was drafted in conformity with the statute, and an annuity was to be purchased sufficient to provide payments of $5,398.85 per month for the life of the infant, to be paid into the SNT, with guaranteed payments for 240 months. The Supreme Court approved the settlement, including the establishment of the SNT. However, in so doing, the court, in effect, modified the terms of the proposed settlement by directing that, in the event of the infant's death prior to the receipt of all guaranteed payments, such payments would be made to the infant's estate, not into the SNT. The DSS argues that this provision of the order departed from the requirements of Social Services Law § 366 [2] [b] [2] [iii]) which jeopardized the infant's continued eligibility for Medicaid benefits, and prejudiced and impaired its entitlement to receive any amounts of such guaranteed payments still owing the infant at the time of his death up to the total value of all medical assistance paid on his behalf. We agree and reverse the order insofar as appealed from (*see generally Cricchio v Pennisi, supra*).

The plaintiffs argue that the DSS's appeal from the order was not timely taken (*see* CPLR 5513). Since their assertion is based on matter dehors the record, and they failed to make a motion to dismiss on this ground supported by a copy of the notice of entry and an affidavit of service, they failed to meet their burden of establishing untimeliness (*see Zuccarini v Ziff Davis Media,* 306 AD2d 404 [2003]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.