■ In the Matter of Final Accounting of LEONARD B. BOEHNER et al., as Executors of E. MACGREGOR STRAUSS, Deceased, Trustee of a Trust Created under Deed of Trust Dated October 5, 1957. LEONARD BOEHNER et al., Appellants, v LYDIA DELAUNAY, Respondent, et al., Respondent. ARMAR STRAUSS, Interested Party. [941 NYS2d 155]—

Order, Surrogate's Court, New York County (Nora S. Ander-

son, S.), entered on or about April 21, 2011, which denied petitioners' motion for summary judgment seeking a determination that the two adopted children of E. MacGregor Strauss (MacGregor), deceased, are the sole remainder beneficiaries of a trust created for MacGregor from a share of a trust created by MacGregor's grandmother, Anne Archbold, unanimously affirmed, without costs.

On October 5, 1957, Anne Archbold created an irrevocable trust for the lifetime benefit of her daughter Lydia A. Foote. The trust provided that, upon the death of Foote, the principal of the trust would be divided into equal shares for each of Foote's children. The trustees would "continue to have and to hold" those shares for the life of each of those children, paying the net income of the secondary trusts to each child. Upon the death of one of the Foote children, "the trustee [wa]s directed to divide, distribute, and pay over the principal of the trust to the descendants of such child." If the child had no living descendants, the trustee was to pay over "the principal of the trust" to Foote's then living descendants, per stirpes.

On November 18, 1988, Foote died. By decree of the Surrogate's Court, New York County, dated January 24, 1990, the Surrogate approved and confirmed the division of the principal of the trust into three separate trusts, one for each of the children of Foote, that is, decedent MacGregor, respondent Lydia Delaunay, and interested party Armar Strauss. Delaunay has biological issue, MacGregor and Armar do not. In 1984, MacGregor married a widow who had two children, both of whom resided with MacGregor throughout their childhood. In 2005, MacGregor adopted both children, who were then 31 and 29 years old. He died on January 28, 2008, survived by his wife and two adopted children.

Surrogate's Court correctly determined that the "precautionary addendum" in former Domestic Relations Law § 117, which was repealed in 1964, and which prohibits adopted children from defeating the rights of remainder beneficiaries where the adoptive parent dies without biological children (see Matter of Park, 15 NY2d 413, 416 [1965]), applies to the deed creating the trust that became irrevocable upon execution in 1957 and to the distributions contained within the deed of trust (see Domestic Relations Law § 117 [3]). Surrogate's Court also correctly determined that, under the precautionary addendum, Mac-Gregor's adopted children cannot inherit as sole remaindermen, since this would improperly defeat and cut off the rights of the contingent remaindermen, that is, the living descendants of Foote (see Matter of Leask, 197 NY 193 [1910]). However, while

the precautionary amendment prevents MacGregor's adopted children from jointly receiving the entire remainder of Mac-Gregor's trust, to the exclusion of the contingent remaindermen, it does not apply to prevent them, as descendants of Foote, from sharing in that contingent distribution with the other contingent remaindermen. Indeed, their adoption merely brought them into that existing class of beneficiaries (i.e., the descendants of Foote); it did not completely cut off the rights of the other remaindermen (see Matter of Silberman, 23 NY2d 98 [1968]). Thus, Surrogate Court's correctly found that the trust remainder should be distributed one-third to Armar, one-third to Delaunay, and one-third, in equal shares, to MacGregor's adopted children. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.