# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1485**
**CA 12-00497**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

CPB INTERNATIONAL, INC., PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

FEDERAL LABORATORIES CORP., DEFENDANT-APPELLANT.

---

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (ARTHUR G. BAUMEISTER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (JOHN K. ROTTARIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 19, 2011. The order denied defendant's motion to dismiss plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order denying its motion to dismiss the complaint in this action, which seeks, inter alia, to enforce a default judgment entered against it by a Pennsylvania court. We conclude that Supreme Court properly denied the motion.

Plaintiff is a Delaware corporation with its principal place of business in Pennsylvania. Defendant is a New York corporation engaged in the manufacture and sale of nutritional supplements, and its principal place of business is in the Town of Alden, New York. In 2006, plaintiff sold quantities of a substance known as chondroitin sodium sulfate to defendant pursuant to three separate contracts. In 2007, plaintiff commenced an action in the United States District Court for the Middle District of Pennsylvania, alleging that defendant had breached those contracts by failing to pay the sums due thereunder. The federal court granted defendant's motion to dismiss that action for lack of personal jurisdiction (*see generally World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 291-294; *International Shoe Co. v Washington*, 326 US 310, 316-319).

Plaintiff thereafter commenced an action in a Pennsylvania court, asserting the same breach of contract causes of action against defendant that had been dismissed in the federal court action. The complaint alleged that jurisdiction was proper in the Pennsylvania court pursuant to the "General Terms and Conditions" of each contract, in which the parties agreed that the contracts would be governed by

Pennsylvania law and that disputes arising therefrom would be resolved in the state courts of Pennsylvania or the federal courts in Pennsylvania.  Although the record establishes that defendant received service of process in that action, defendant did not answer or otherwise appear, and a default judgment was entered against it.

Plaintiff subsequently commenced the instant action seeking enforcement of the Pennsylvania court's default judgment and asserting three causes of action each for breach of contract and account stated.  Defendant moved to dismiss the complaint on the grounds that the Pennsylvania court lacked personal jurisdiction to render the default judgment that plaintiff seeks to enforce (*see* CPLR 3211 [a] [1]) and that the remaining causes of action are barred by the applicable statute of limitations (*see* CPLR 3211 [a] [5]).  Supreme Court properly denied the motion.

"The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States [as] it ha[s] in the state in which it was pronounced" (*Matter of Bennett*, 84 AD3d 1365, 1367, *lv denied* 19 NY3d 801; *see Boudreaux v State of La., Dept. of Transp.*, 11 NY3d 321, 325, *cert denied* ___ US ___, 129 S Ct 2864).  Thus, "[a]s a matter of full faith and credit, . . . the courts of this State [are] limited to determining whether the rendering court had jurisdiction" before enforcing a judgment of a sister state, including one obtained upon default (*Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577, *rearg denied* 79 NY2d 916, *cert denied* 506 US 823; *see generally Parker v Hoefer*, 2 NY2d 612, 616-617, *cert denied* 355 US 833).

Here, contrary to defendant's contention, we conclude that the order dismissing the federal action did not deprive the Pennsylvania court of personal jurisdiction over it.  While that order may have provided a basis for asserting the defense of collateral estoppel in the Pennsylvania action, which defendant could have raised or waived under Pennsylvania law (*see Hopewell Estates, Inc. v Kent*, 646 A2d 1192, 1194), it does not provide a ground for a collateral attack upon the Pennsylvania court's ensuing default judgment by means of the instant action (*see Oldham v McRoberts*, 21 AD2d 231, 234-235, *affd* 15 NY2d 891; *Steinberg v Metro Entertainment Corp.*, 145 AD2d 333, 333-334).

With respect to the remaining causes of action, we agree with defendant that each are subject to a four-year limitations period under the law of both New York (*see* UCC 2-725 [1]; CPLR 213 [2]; *Herba v Chichester*, 301 AD2d 822, 822-823) and Pennsylvania (*see* 13 Pa CS § 2725 [a]; 42 Pa CS § 5525 [a] [2]), and that more than four years elapsed between the accrual of plaintiff's most recent cause of action and its commencement of the instant action.  As Supreme Court properly concluded, however, plaintiff raised a triable issue of fact with respect to the timeliness of those causes of action by submitting evidence that defendant tendered a partial payment toward its purported contractual obligations such that the four-year limitations period may have been effectively tolled up to and including the date

upon which plaintiff ultimately commenced this action (*see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521-522; *New York State Higher Educ. Servs. Corp. v Muson*, 117 AD2d 947, 947-948; *Chittenholm v Giffin*, 65 A2d 371, 373).

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court