■ ERIC ROSS, Individually and as Preliminary Executor of LUISA ROSS, Deceased, Respondent-Appellant, v ROSS METALS CORPORATION et al., Appellants-Respondents, et al., Defendants. [976 NYS2d 485]—

In an action, inter alia, to recover damages for breach of contract, which was commenced in the Supreme Court, New York County, under index No. 111132/06, transferred to the Surrogate's Court, Kings County, and joined with a probate proceeding entitled *Matter of Ross*, pending under file No. 1806/06, the defendants Ross Metals Corporation and Angel Jack Ross appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County (López Torres, S.), dated November 29, 2011, as awarded the plaintiff interest at the rate of 18% per annum upon each installment payment due and owing to the plaintiff individually and in his capacity as preliminary executor of the estate of Luisa Ross, payable by the defendant Ross Metals Corporation, from the date each payment became due, and the plaintiff cross-appeals, as limited by his brief, from so much of the same decree as is in favor of him individually and against the defendant Ross Metals Corporation in the principal sum of only $480,000 and is in favor of him in his capacity as preliminary executor of the estate of Luisa Ross and against the defendant Ross Metals Corporation in the principal sum of only $480,000.

Ordered that the appeal by the defendant Angel Jack Ross is dismissed, without costs or disbursements, as he is not aggrieved by the decree appealed from (*see* CPLR 5511); and it is further,

Ordered that the decree is modified, on the law, (1) by increasing the principal sums awarded to the plaintiff both individually

and in his capacity as preliminary executor of the estate of Luisa Ross from $480,000 to $490,000, and (2) by deleting the provisions thereof awarding interest at the rate of 18% per annum upon each installment payment from the date it became due, and substituting therefor provisions awarding interest at the statutory rate of 9% per annum upon each installment payment from the date it became due; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Kings County, for the calculation of the interest due in accordance herewith and the entry of an appropriate amended decree thereafter.

The plaintiff, individually and in his capacity as the executor of the estate of his mother, Luisa Ross, commenced this breach of contract action against the defendant Ross Metals Corporation (hereinafter Ross Metals) to recover monthly installments due and owing both to him personally and to the estate beginning in February 2006, pursuant to a stock purchase agreement executed in September 1996. In exchange for shares of stock in a closely held corporation, Ross Metals agreed to pay the total sum of $1,800,000 in monthly installments over the course of 15 years. The agreement provided for the monthly payment of $5,000 for the first five years, $10,000 for the next five years, and $15,000 for the final five years, with all payments inclusive of interest at the rate of 18% per annum.

In a prior determination, this Court modified an order of the Surrogate's Court so as to grant those branches of the plaintiff's motion which were for summary judgment on the breach of contract causes of action (see Ross v Ross Metals Corp., 87 AD3d 573 [2011]). The Surrogate's Court entered a decree upon that determination in favor of the plaintiff and against Ross Metals, both in his individual capacity in the principal sum of $480,000, and in his capacity as the executor of the estate in the principal sum of $480,000, as those amounts equalled the sum totals of the monthly payments due beginning in April 2006. In addition, the Surrogate's Court awarded the plaintiff prejudgment interest upon each monthly payment from the date it became due at the rate of 18% per annum.

In settling the decree upon remittitur from this Court's prior determination, the Surrogate's Court improperly considered evidence that Ross Metals made monthly payments in February and March 2006. By failing to plead payment as an affirmative defense in its pre-answer motion to dismiss the complaint or in an answer, Ross Metals waived the defense and was barred from submitting evidence of partial payment in opposition to the

plaintiff's proposed decree (*see* CPLR 3018 [b]; 3211 [a] [5]; [e]; *Nannini & Callahan Excavating v Park Rd. Constr. Corp.*, 234 AD2d 352 [1996]; *Valente v Allen Shuman & Irwin Richt, D.P.M., P.C.*, 137 AD2d 678, 679 [1988]). Accordingly, we increase the principal sums awarded to the plaintiff from $480,000 to $490,000 to reflect monthly payments due, beginning in February 2006.

Contrary to the contention of Ross Metals, CPLR 5001 (a) mandates an award of prejudgment interest on the principal amount of the damages awarded for its breach of contract even though the monthly payments due were deposited in an escrow account during the pendency of this action, and Ross Metals received no benefit from the disputed payments while they were held in escrow (*see J. D'Addario & Co., Inc. v Embassy Indus., Inc.*, 20 NY3d 113, 117-118 [2012]). However, the Surrogate's Court improperly applied interest on the monthly payments due at the rate of 18% per annum. "When a claim is predicated on a breach of contract, the applicable rate of prejudgment interest varies depending on the nature and terms of the contract" (*NML Capital v Republic of Argentina*, 17 NY3d 250, 258 [2011]). The contract rate of interest will be "used to calculate interest on principal prior to loan maturity or a default in performance," and in the absence of "a provision in the contract addressing the interest rate that governs after principal is due or in the event of a breach, New York's statutory rate will be applied as the default rate" (*id.*; *see O'Brien v Young*, 95 NY 428, 429-430 [1884]). Under the terms of the agreement at issue here, each monthly payment includes interest at the rate of 18% per annum. Since the contract rate has already been applied to each monthly payment prior to its maturity, and the agreement does not include a provision addressing the interest rate that governs after each monthly payment is due or in the event of a breach, the Surrogate's Court should have applied interest upon each monthly payment from the date it became due at the statutory rate of 9% per annum (*see* CPLR 5004; *Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]; *Chipetine v McEvoy*, 238 AD2d 536, 537 [1997]).

We reject the contention of Ross Metals that the cross appeal should be dismissed as untimely since the record is silent as to when the decree with notice of entry was allegedly served upon it and when its notice of appeal was allegedly served upon the plaintiff (*see Zapata v County of Suffolk*, 23 AD3d 553, 554 [2005]; *Sanango v New York City Health & Hosps. Corp.*, 6 AD3d 519, 520 [2004]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 405 [2003]; CPLR 5513 [a], [c]). Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.