Matter of Falck (2021 NY Slip Op 07342)





Matter of Falck


2021 NY Slip Op 07342


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

533192
[*1]In the Matter of the Trust Made by Elizabeth R. Falck, Deceased, for the Benefit of Elizabeth F. Riggs. Susan Good Knott, Respondent; Elizabeth Arnot Genung Taylor et al., Appellants, et al., Respondent.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Bond Schoeneck & King, PLLC, Buffalo (Richard L. Weber of counsel), for appellants.
Bousquet Holstein PLLC, Syracuse (Cecelia R.S. Cannon of counsel), for respondent.



Aarons, J.
Appeal from an order of the Surrogate's Court of Chemung County (Rich Jr., S.), entered March 1, 2021, which, among other things, denied certain respondents' motion to dismiss the petition.
Elizabeth R. Falck (hereinafter decedent) died in 1961. Elizabeth Arnot Falck Riggs Hart was decedent's daughter and, upon decedent's death, a trust was created for her benefit. The trustees of the trust are respondents Elizabeth Genung Taylor and Chemung Canal Trust Company (hereinafter CCTC). Hart, who died in 2008, had four children — one of whom was Anne Arnot Riggs Good. Good, who died in 2016, was survived by her adopted stepchildren — petitioner and her siblings. After Taylor and CCTC refused to recognize petitioner and her siblings as beneficiaries of the trust, petitioner commenced this proceeding for an order seeking such recognition. Respondents, except for CCTC (hereinafter collectively referred to as respondents), moved to dismiss the petition in a pre-answer motion, arguing that petitioner failed to state a cause of action. Surrogate's Court, among other things, denied the motion. This appeal ensued.
The dispute centers on whether petitioner and her siblings are "issue" under the trust provisions of decedent's last will and testament. This determination hinges on the applicability of the precautionary addendum set forth in the version of Domestic Relations Law § 117 in effect at the time of decedent's death. "[T]he precautionary addendum was . . . designed to prevent the perpetration of fraud on the rights of remaindermen through an adoption for the very purpose of cutting out a remainder" (Matter of Snowden, 31 NY2d 322, 327 [1972] [internal quotation marks and citation omitted]). Although the precautionary addendum was repealed, it can still apply to the wills of any person who died before March 1, 1964 (see Matter of Gardiner, 69 NY2d 66, 73 [1986]). Nevertheless, in view of the "strong policy favoring the full equality of adopted children," the precautionary addendum is applied narrowly and "only where the act of adoption cuts off a remainder interest that would have followed but for the adoption" (id.).
According to respondents, the precautionary addendum applies because the adoption of petitioner and her siblings diminished their respective interests and, therefore, such interests have been partially cut off. Respondents rely on Matter of Snowden (31 NY2d at 330), wherein the Court of Appeals noted that "it matters not whether the remaindermen's rights were completely or only partially defeated." Over 10 years after Matter of Snowden (supra) was decided, however, the Court of Appeals noted in Matter of Gardiner (69 NY2d at 74) that "the precautionary addendum has not precluded an adopted child's inheritance in cases where the adoption simply has brought a child within an existing class." That said, the reduction of a beneficiary's respective interest is necessarily reduced when the existing class of beneficiaries is expanded[*2]— i.e., a situation to which the precautionary addendum does not apply (see id.). Accordingly, contrary to respondents' view, a diminished share of an interest does not mean that the interest has been cut off so as to make the precautionary addendum applicable (see Matter of Boehner, 94 AD3d 477, 479 [2012]). Thus, Surrogate's Court correctly denied respondents' motion. In view of our determination, respondents' remaining assertion is academic.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.