Stern v Sullum (2022 NY Slip Op 02216)





Stern v Sullum


2022 NY Slip Op 02216


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 11554/91 Appeal No. 15625-15625A Case No. 2021-00146 2021-00287 

[*1]Tara Allison Stern, an Infant Under the Age of Fourteen Years, by her Parent and Natural Guardian Stephen D. Stern, et al., Plaintiffs-Appellants, Laura Siegel-Stern, Plaintiff,
v
Stanford Sullum et al., Defendants. New York City Department of Social Services, Nonparty Respondent. 


Littman Krooks LLP, Rye Brook (Stephanie L. Goldstein of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about November 20, 2020, which granted the motion of nonparty respondent New York City Department of Social Services (DSS) to amend the infant compromise order dated January 19, 1996 to name the Tara Allison Stern Supplemental Needs Trust (the special needs trust) as the beneficiary of any guaranteed payments from annuities after the death of plaintiff Tara Allison Stern, unanimously affirmed, with costs. Order, same court and Justice, entered December 15, 2020, which amended the infant compromise order to require that payments originally directed to be paid to plaintiff's estate be paid instead to the special needs trust as beneficiary, unanimously affirmed, with costs.
Plaintiff Tara Stern (Tara) was born with neurological damage, and she and her parents sued the doctors who had cared for her mother during her pregnancy and delivered her, as well as the hospital where Tara was born. The parties ultimately settled the lawsuit and the court entered an infant compromise order approving the settlement. Tara's portion of the settlement proceeds was divided into an up-front payment and three annuities. The annuities funded the special needs trust for Tara's benefit, and the infant compromise order provided, in part that "any guaranteed payments under the [annuities] that come due following [Tara's] death . . . shall be paid to [her] Estate."
When Tara turned 22 and was no longer eligible for benefits through the New York State Education Department, she became a Medicaid beneficiary. Several years later, upon DSS's motion, Supreme Court amended Tara's original infant compromise order to require that, upon Tara's death, payments from the annuities will go to the special needs trust rather than Tara's estate.
DSS established its entitlement to amendment of the infant compromise order. The original infant compromise order may have impeded full reimbursement to the State for the sums it has expended and will expend on Tara's care, as the special needs trust may not contain sufficient funds for reimbursement (see Oxenhorn v Fleet Trust Co., 94 NY2d 110, 114 [1999]; see generally Matter of Abraham XX., 11 NY3d 429, 434-435 [2008] [special needs trust, which is exempt from consideration for Medicaid eligibility purposes, must contain a payback provision so that upon the death of the Medicaid recipient, any balance left in the trust must be paid back to the State in an amount not to exceed the Medicaid benefits paid during recipient's life]).
Contrary to plaintiffs' claim, the court did not retroactively apply a 2006 amendment to the federal Deficit Reduction Act of 2005 (42 USC § 1396p[e][1]) (the DRA), which requires that if a Medicaid recipient has an interest in an annuity purchased on or after February 8, 2006, the annuity must name the State as remainder beneficiary. Instead, the court relied on Sanango v New York City Health & Hosps. Corp. (6 AD3d 519 [2d Dept 2004]), in which [*2]the Second Department found that an infant compromise order provision similar to the one at issue here "departed from the requirements of Social Services Law § 366(2)(b)(2)(iii) which jeopardized the infant's continued eligibility for Medicaid benefits, and prejudiced and impaired [DSS's] entitlement to receive . . . the total value of all medical assistance paid on [the infant's] behalf" (Sanango, 6 AD3d at 520). Sanango barred a structured settlement like the one at issue here even before the DRA was passed (see Sanango, 6 AD3d at 520), and is consistent with Court of Appeals precedent (see Matter of Abraham XX., 11 NY3d at 436-437; Oxenhorn, 94 NY2d at 114).
Supreme Court properly rejected plaintiffs' assertion of laches, as that defense may not be interposed against the State when acting in a governmental capacity to enforce a public right or protect a public interest (see Capruso v Village of Kings Point, 23 NY3d 631, 641-642 [2014]).
The doctrines of res judicata and collateral estoppel do not bar DSS from seeking to amend the infant compromise order, as the two determinations on the infant compromise order arose in the same action (see Shah v 20 E. 64th St., LLC, 198 AD3d 23, 40 [1st Dept 2021]).
We decline to consider plaintiffs' argument that DSS waived its right to seek to amend the infant compromise order, as it is raised for the first time in the reply brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022