Matter of Falck (2024 NY Slip Op 05924)

Matter of Falck

2024 NY Slip Op 05924

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-0570
[*1]In the Matter of the Trust Made by Elizabeth R. Falck, Deceased, for the Benefit of Elizabeth F. Riggs. Susan Good Knott, Appellant; Elizabeth Arnot Genung Taylor et al., Respondents, et al., Respondent.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Bousquet Holstein PLLC, Syracuse (Cecelia R.S. Cannon of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Buffalo (Kathleen H. McGraw of counsel), for respondents.

Garry, P.J.
Appeal from an order of the Surrogate's Court of Chemung County (Richard W. Rich Jr., S.), entered March 1, 2023, which, in a proceeding pursuant to SCPA 2102, among other things, granted certain respondents' cross-motion for leave to amend their answer.
This matter concerning one of the Falck family trusts returns to us for a second time (200 AD3d 1468 [3d Dept 2021]). Upon the death of Elizabeth R. Falck (hereinafter decedent) in 1961, the subject trust was created for the benefit of decedent's daughter, Elizabeth Arnot Falck Riggs Hart. Hart died in 2008 survived by three of her children, the youngest of whom was Anne Arnot Riggs Good, born in 1953. Good died in 2016 survived by her three stepchildren — petitioner and her siblings — whom Good had adopted as adults in 2010. Following Good's death, certain respondents — all nieces and nephews of Good — brought an action in Florida, where the adoptions took place, to invalidate the adult adoptions, arguing that they were entitled to but deprived of notice of the adoption proceeding and that the adoptions were a fraud upon the court. Petitioner and her siblings successfully moved to dismiss that complaint as time-barred by Florida's one year statute of repose for vacating an adoption, to which there are no exceptions.
In June 2020, petitioner commenced this special proceeding to compel the trustees of the subject trust to recognize her interest therein as beneficiary and remainderman entitled to a share as issue and to pay her the principal and income that such status entitles her. Certain respondents moved, pre-answer, to dismiss the petition, arguing that decedent did not intend to include adopted children as issue of the subject trust and that permitting petitioner and her siblings to inherit therefrom would cut off the remainder interest for the existing class, in violation of the so-called "precautionary addendum" contained in former section 114 of the Domestic Relations Law (see Domestic Relations Law § 117 [3]; see also Domestic Relations Law former § 114, as amended by L 1931, ch 562). Surrogate's Court denied that motion, rejecting the invitation to consider extrinsic evidence of decedent's intent on such a motion and agreeing with petitioner that the addendum does not apply as the class of beneficiaries here would merely increase. Pending an appeal from that denial, respondents, except for respondent Chemung Canal Trust Company (hereinafter collectively referred to as respondents), answered, setting forth a number of affirmative defenses, including unclean hands, unjust enrichment, laches, fraud, underlying coercion and illegality. Petitioner moved for, among other relief, an order striking respondents' affirmative defenses (see CPLR 404 [b]), primarily arguing that the "fraud-based defenses" are precluded by the 2016 Florida litigation and that her Florida adoption is entitled to full faith and credit.
Meanwhile, this Court upheld Surrogate's Court's denial of the pre-answer motion [*2]to dismiss (200 AD3d at 1469). Respondents then opposed petitioner's motion and cross-moved for leave to file an amended answer to, among other things, include two additional affirmative defenses: that petitioner's inheritance under the trust, if any, must be limited in accordance with Matter of Boehner (94 AD3d 477 [1st Dept 2012]); and that decedent did not intend to include adopted children as issue. Petitioner opposed the cross-motion, reiterating her preclusion arguments and further asserting that our prior order resolved the issues presented by respondents' new affirmative defenses. Surrogate's Court, finding the affirmative defenses to be facially meritorious on the whole and a lack of prejudice to petitioner, granted the cross-motion and denied the motion. Petitioner appeals.
We turn first to petitioner's motion to strike respondents' affirmative defenses pursuant to CPLR 404 (b). This method of summary disposition in a special proceeding is akin to CPLR 3211 (b), which permits a party to move to dismiss one or more defenses "on the ground that a defense is not stated or has no merit." As the party seeking such dismissal, petitioner bore the heavy burden of demonstrating that the affirmative defenses are without merit as a matter of law, either because respondents have failed to sufficiently state the defense or because the defense does not apply under the factual circumstances of the case (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 323 [1995]; Wright v State of New York, 192 AD3d 1277, 1279 [3d Dept 2021]). In reviewing a motion to dismiss an affirmative defense, a court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (see Umoh v Doolity-Mills, 214 AD3d 1226, 1227 [3d Dept 2023]; DeThomasis v Viviano, 148 AD3d 1338, 1339 [3d Dept 2017]; see also CPLR 3026). Any doubt as to the availability of the defense or as to whether it should be dismissed should be resolved in favor of the respondent (see Lewis v US Bank N.A., 186 AD3d 694, 697 [2d Dept 2020]; Nahrebeski v Molnar, 286 AD2d 891, 891 [4th Dept 2001]).
Petitioner first maintains that any defense based upon the adoption of her and her siblings being fraudulent is time-barred, given that respondents cannot dispute that the alleged fraud was discovered any later than the 2016 challenge to the 2010 adoptions. However, "defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the [s]tatute of [l]imitations, even though an independent action by [respondents] might have been time-barred at the time the action was commenced" (Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; see CPLR 203 [d]; Emigrant Bank v Rosabianca, 210 AD3d 527, 527 [1st Dept 2022]; Matter of Jenkins v Astorino, 155 AD3d 733, 736 [2d Dept 2017]; Iuliano v Iuliano, 30 AD3d 737, 738 [3d Dept 2006]). To the extent of the demand in the petition, the affirmative defenses [*3]are not time-barred.
Petitioner also asserts that res judicata bars the same defenses due to the 2016 litigation. In this state, the doctrine of res judicata "bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008] [internal quotation marks and citation omitted], cert denied 555 US 1136 [2009]; see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). The doctrine "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (Matter of Hunter, 4 NY3d 260, 269 [2005]; see Simmons v Trans Express Inc., 37 NY3d 107, 111-112 [2021]). Assuming, without deciding, that the Florida disposition was on the merits and that the requisite privity exists here, petitioner has not demonstrated as a matter of law that the equitable distribution of the subject trust, settled by this domiciliary decedent, could have been litigated in the Florida courts (see SCPA 205 [1]; cf. Weinberg v Picker, 172 AD3d 784, 788-789 [2d Dept 2019]; Fifth Line, LLC v Fitch, 167 AD3d 847, 849 [2d Dept 2018]; Sparacio v Sparacio, 283 AD2d 481, 482-483 [2d Dept 2001]; Nationwide Mech. Contrs. Corp. v Hokkaido Takushoku Bank, 188 AD2d 871, 872-873 [3d Dept 1992], lv denied 81 NY2d 711 [1993]). These circumstances warrant repeating the caution that, "[i]n properly seeking to deny a litigant two days in court, courts must be careful not to deprive him [or her] of one" (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978] [internal quotation marks omitted]).
Petitioner relatedly argues that the defenses are an attempt to end-run the 2010 Florida judgment of adult adoption, in violation of the Full Faith and Credit Clause (see US Const, art IV, § 1). The clause does foreclose inquiry into the merits of an underlying foreign order or judgment, to avoid relitigation in other states of issues already adjudicated (see Matter of Farmland Dairies v Barber, 65 NY2d 51, 55 [1985]). However, in this state, foreign orders and judgments procured by extrinsic fraud or collusion are not entitled to full faith and credit (see Parker v Hoefer, 2 NY2d 612, 616 [1957], cert denied 355 US 833 [1957]; Oldham v McRoberts, 21 AD2d 231, 234 [4th Dept 1964], affd 15 NY2d 891 [1965]; see also Brandstetter v Bally Gaming, Inc., 100 AD3d 583, 583-584 [2d Dept 2012], lv denied 20 NY3d 857 [2013]; Fraguela v Fraguela, 177 AD2d 910, 912 [3d Dept 1991]; Steinberg v Metro Entertainment Corp., 145 AD2d 333, 334 [1st Dept 1988]). As petitioner has yet to demonstrate the absence of such misconduct as a matter of law, respondents' defenses need not be stricken on this basis.[FN1]
Turning to the cross-motion, pursuant to CPLR 3025 (b), "[a] party may amend his [*4]or her pleading . . . at any time by leave of court," and such "[l]eave shall be freely given." "[T]he movant need not establish the merits of the proposed amendment[,] and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017] [internal quotation marks, brackets and citation omitted]; see Passeri v Brody, 199 AD3d 1260, 1261 [3d Dept 2021]). Ultimately, "[t]he decision whether to grant leave to amend pleadings rests within the trial court's sound discretion and, absent a clear abuse of that discretion, will not be lightly cast aside" (Lisa I. v Manikas, 188 AD3d 1369, 1372 [3d Dept 2020] [internal quotations marks, brackets and citations omitted]; see Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d 1151, 1152 [3d Dept 2022]).
Petitioner first argues that respondents' laches affirmative defense is palpably insufficient because it fails to comply with CPLR 3013, which requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (see also SCPA 302 [2]).[FN2] To ultimately establish laches, a party must show "(1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (Matter of Miner v Town of Duanesburg Planning Bd., 98 AD3d 812, 813-814 [3d Dept 2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 853 [2012]). Petitioner asserts that the third and fourth elements of the defense are lacking here. Construing the pleading liberally, and cognizant that "a motion to amend is not a proper vehicle for the determination of the merits of an issue" (Acker v Garson, 306 AD2d 609, 610 [3d Dept 2003] [internal quotation marks and citation omitted]; see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1249 [3d Dept 2018]), we find that respondents have satisfied CPLR 3013, including by conveying that petitioner's delay in seeking to be recognized as a beneficiary of the subject trust worked to their disadvantage in that they were unable to timely challenge the Florida adoptions (see generally Matter of Ricciardi v Johnstown Leather, 1 AD3d 661, 663 [3d Dept 2003]). Surrogate's Court therefore did not abuse its discretion in permitting the laches defense to proceed to formal discovery.
As for the two new affirmative [*5]defenses, we first note that any argument regarding collateral estoppel is misplaced as our previous order is part of this same proceeding, not a prior one (see Wisell v Indo-Med Commodities, Inc., 74 AD3d 1059, 1060 [2d Dept 2010]; see also Stern v Sullum, 203 AD3d 681, 682 [1st Dept 2022]). The law of the case doctrine would generally apply here, where Surrogate's Court has been presented with a prejudgment ruling from this Court (see generally People v Evans, 94 NY2d 499, 503 [2000]); however, the doctrine "only applies when the prior ruling directly passed upon a question of law that is essential to the determination of the matter" (Gulf Coast Bank & Trust Co. v Virgil Resort Funding Group., Inc., 201 AD3d 1086, 1088 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 909 [2022]; see Rosen v Mosby, 148 AD3d 1228, 1233 [3d Dept 2017], lv dismissed 30 NY3d 1037 [2017]).
With respect to respondents' affirmative defense concerning decedent's intent, although respondents argued on their pre-answer motion to dismiss that decedent did not intend to include adoptees as issue, Surrogate's Court expressly declined to address that issue, and that declination was not addressed on appeal. Our order, thus, cannot be construed as having any preclusive effect as to this entirely unlitigated issue.
With respect to respondents' affirmative defense involving Matter of Boehner (supra), in our prior order, we held that the precautionary addendum does not apply here, citing Matter of Boehner for the proposition that a diminished share of an interest does not equate to an interest that has been cut off within the meaning of the addendum (200 AD3d at 1469). In Matter of Boehner, the precautionary addendum did apply to the extent that the adopted children were to inherit from a trust as sole remainderman, although they were ultimately permitted to share in the contingent distribution with the other contingent remaindermen (94 AD3d at 479). We therefore do not necessarily agree with respondents' characterization of Matter of Boehner as the "controlling law" in this case. That said, respondents are "entitled to the benefit of every reasonable intendment of the pleading" (Pugh v New York City Hous. Auth., 159 AD3d 643, 643 [1st Dept 2018] [internal quotation marks and citation omitted]), and they urge that their affirmative defense was intended to present to Surrogate's Court an equitable distribution scheme that would be in line with decedent's intent. Considering the liberal standard to be applied on this cross-motion (see CPLR 3025 [b]), we discern no abuse of discretion by Surrogate's Court in permitting this defense to be added.
Finally, petitioner was required to establish prejudice or surprise as a consequence of respondents' failure to initially assert their two new affirmative defenses (see Caceras v Zorbas, 74 NY2d 884, 885 [1989]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]). Initially[*6], to the extent that these defenses are predicated on our prior order, they could not have been raised earlier. In any event, given that the defenses rest on the same factual circumstances as those forming the basis of the original answer, or indeed are the same defenses as originally pleaded (see Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024]), petitioner has failed to make the requisite showing (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102-103; Dever v DeVito, 84 AD3d 1539, 1541 [3d Dept 2011], lv dismissed 18 NY3d 864 [2012], lv denied 21 NY3d 861 [2013]; Acker v Garson, 306 AD2d at 610). Based on the foregoing, Surrogate's Court properly denied petitioner's motion and providently granted respondents' cross-motion.
Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: In view of the foregoing, petitioner's efforts to strike respondents' affirmative defense generally alleging failure to state a cause of action must also fail (see Tribbs v 326-338 E 100th LLC, 215 AD3d 480, 482 [1st Dept 2023]; see also Lewis v US Bank NA, 186 AD3d at 697).

Footnote 2: Although petitioner also argued that the laches defense in the original answer be stricken for this reason, because respondents modified their defense in response to her argument, we evaluate her argument within the context of the cross-motion.