BOARD OF MANAGERS OF PARK REGENT CONDOMINIUM, Respondent, v PARK REGENT ASSOCIATES, Also Known as PARK REGENT UNIT OWNERS ASSOCIATION, et al., Defendants, and DAVID DOO, Appellant. [898 NYS2d 187]—

In an action, inter alia, for a judgment declaring that a purported annual meeting of the unit owners of a condominium held on June 26, 2006, is invalid and that the individual defendants were not elected to the condominium's board of managers on that date, the defendant David Doo appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered March 19, 2009, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover attorney's fees and expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action involves a dispute among unit owners over the control of the board of managers of a mixed-use condominium complex. On June 26, 2006, certain unit owners purported to conduct an annual meeting of the unit owners whereby they purported to elect the individual defendants as members of a new board of managers. Shortly thereafter, the board of managers that was in place prior to June 26, 2006 (hereinafter the plaintiff), commenced this action, inter alia, for a judgment declaring that the purported meeting was invalid and that the individual defendants were not elected to the condominium's board of managers on that date. On a prior appeal, this Court concluded, among other things, that the Supreme Court properly granted the plaintiff's motion for summary judgment on its first, second, third, and fourth causes of action declaring, inter alia, that the meeting held on June 26, 2006, was invalid and that the individual defendants were not duly elected to the condominium's board of managers on that date, and for a permanent injunction preventing the individual defendants from acting as members of the board of managers (*see Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.*, 58 AD3d 589, 591 [2009]).

Meanwhile, in January 2009, the plaintiff moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover its attorney's fees and expenses in prosecuting this lawsuit, alleging that the condominium's bylaws authorize the recovery of such fees and expenses. Since the proposed amendment is not "palpably insufficient" to state a cause of action nor "patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]), and inasmuch as the proposed amendment would not cause prejudice or surprise, the Supreme Court providently exercised its discretion in granting this branch of the plaintiff's motion (*id.* at 229). The merits of the cause of action may be tested upon a motion for summary judgment or at trial (*id.*).

The appellant's remaining contentions are without merit. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.