*805 At approximately 8 p.m. on January 28, 2008, the plaintiff was walking on a public thoroughfare adjacent to premises owned by the defendant Mousa Almaghrabi (hereinafter the homeowner), when he stepped on construction debris consisting of a board with a nail protruding from it, allegedly resulting in injury to his right foot. The plaintiff initially commenced this action to recover damages for those personal injuries against the homeowner and the alleged contractor, DCI Contracting Corp., whose principal was Anthony Sawaya. After DCI Contracting Corp. failed to appear or answer, the plaintiff’s counsel learned that that corporation had been dissolved prior to the accident. Counsel for the homeowner advised the plaintiffs counsel that the proper party was DCI Design-Build, Inc. (hereinafter DDBI), whose principal was also Anthony Sawaya. The plaintiff moved to amend the caption and the complaint to substitute DDBI for DCI Contracting Corp., and that motion was granted in an order dated December 1, 2010. DDBI answered the complaint in June 2011.
After the plaintiff appeared for a deposition on September 23, 2011, but before the defendants could appear for their depositions, DDBI moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, based upon the affidavit of its principal, Anthony Sawaya. Sawaya asserted that DDBI was not hired by the homeowner to perform construction work until several months after the accident occurred. He submitted a copy of a written contract with the homeowner, stating that DDBI was “taking over from previous contractors.” The plaintiff, in opposition, argued that the motion for summary judgment was premature, and that further discovery was necessary to ascertain which of Sawaya’s entities performed the work that allegedly caused the accident. The plaintiff noted that permits for work at the subject premises were issued to Sawaya from 2004 through 2008.
In the order appealed from, the Supreme Court granted that branch of DDBI’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. The *806 plaintiff appeals, arguing, inter alia, that the motion for summary judgment should have been denied with leave to renew after the completion of discovery.
“CPLR 3212 (f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion ‘exist but cannot then be stated’ ” (Wesolowski v St. Francis Hosp., 108 AD3d 525, 526 [2013], quoting CPLR 3212 [f]), especially where, as here, the plaintiff has not had a reasonable opportunity to conduct discovery, and has no personal knowledge of the relevant facts (see Wesolowski v St. Francis Hosp., 108 AD3d at 526; Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]). Under the circumstances of this case, the motion for summary judgment should have been denied, with leave to renew after the completion of discovery. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.