■ ANDREW CASTAGNA, Respondent, v MOUSA ALMAGHRABI, Respondent, and ANTHONY SAWAYA, Appellant. [985 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant Anthony Sawaya appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 13, 2013, which denied his motion pursuant to CPLR 3211 (a) (5), to dismiss the second amended complaint and any cross claims insofar as asserted against him as time-barred.

Ordered that the order is affirmed, with one bill of costs.

On January 28, 2008, the plaintiff was walking on a public sidewalk adjacent to property owned by the defendant Mousa Almaghrabi (hereinafter the homeowner) when he allegedly stepped on construction debris consisting of a board with a nail protruding from it, injuring his right foot (see Castagna v Almaghrabi, 113 AD3d 804 [2014]). The plaintiff commenced this action against the homeowner and the alleged contractor, DCI Contracting Corp., whose principal was Anthony Sawaya. When DCI Contracting Corp. failed to answer, the plaintiff's counsel learned that it was dissolved prior to the accident, and moved to amend the caption and complaint to substitute DCI Design-Build, Inc. (hereinafter DDBI), for DCI Contracting Corp. The plaintiff's motion was granted by order dated December 1, 2010.

In 2011, after the three-year statute of limitations had expired, DDBI moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it based upon the assertion of its principal, Anthony Sawaya, that DDBI was not hired by the homeowner to perform construction work until several months after the accident. The motion was granted. On appeal, the order granting summary judgment was reversed insofar as appealed from, and that branch of the motion of DDBI which was for summary judgment was denied, with leave to renew after the completion of discovery (see Castagna v Almaghrabi, 113 AD3d 804 [2014]).

The plaintiff moved for leave to add Sawaya as a party. In June of 2012, the Supreme Court so ordered a stipulation granting the plaintiff leave to add Sawaya as a party, and Sawaya was served with a second supplemental summons and second amended complaint naming him as a party.

In August 2012, Sawaya moved pursuant to CPLR 3211 (a) (5) to dismiss the second amended complaint and any cross claims insofar as asserted against him as time-barred. The

plaintiff and the homeowner opposed the motion, relying upon the relation-back doctrine (*see* CPLR 203 [c]). The plaintiff noted that the original defendant in the action, DCI Contracting Corp., was a corporation owned by Sawaya. Although the corporation was dissolved in 1995, Sawaya continued to do business under that name, and applied for a permit for the work with the New York City Department of Buildings under the name DCI Contracting Corp. At the time of the accident, the permit had expired, and Sawaya had renewed it under his own name. The plaintiff contended that a person who acts on behalf of a dissolved corporation assumes personal responsibility, citing *Brandes Meat Corp. v Cromer* (146 AD2d 666 [1989]). In the order dated March 13, 2013, the Supreme Court denied Sawaya's motion.

A party seeking the benefit of the relation-back doctrine must establish that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship, can be charged with notice of the institution of the action and will not be prejudiced in maintaining his or her defense on the merits by virtue of the delayed assertion of those claims against him or her, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been timely commenced against the new party (*see Buran v Coupal*, 87 NY2d 173, 178, 181 [1995]). The mistake need not be excusable for the relation-back doctrine to apply (*see LeBlanc v Skinner*, 103 AD3d 202, 209 [2012], citing *Buran v Coupal*, 87 NY2d at 178-182 [2012]).

In this case, the allegations against Sawaya arise out of the same conduct, transaction, or occurrence which was the basis of the claim against the original defendant. The plaintiff's failure to sue Sawaya was a mistake, which may have been excusable, since Sawaya was doing business under the name of a defunct corporation. In any event, as previously noted, the mistake need not be excusable.

Further, at the time the action was originally commenced, Sawaya and his corporations were united in interest, "inasmuch as the original complaint put him on notice that his own conduct might be at issue" (*Matter of Murphy v Kirkland*, 88 AD3d 267, 277 [2011]). Sawaya does not contest that he owned the subject corporations (*cf. Matter of Adler v Hooper*, 87 AD3d 633 [2011]).

Sawaya's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied Sawaya's motion. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.