In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated March 2, 2015, as denied those branches of his cross motion which were for leave to amend the complaint to substitute Deputy Sheriff Edward Simovich, Deputy Sheriff Eric Hassid, Deputy Sheriff Sergeant Migliore, and Deputy Sheriff Sergeant Jeffrey Noss in the place of John Does #1 through #4, and to assert a new cause of action against the defendant County of Suffolk to recover damages for negligent hiring, training, and supervision.
 

 Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs cross motion which were for leave to amend the complaint to substitute Deputy Sheriff Edward Simovich, Deputy Sheriff Eric Hassid, Deputy Sheriff Sergeant Migliore, and Deputy Sheriff Sergeant Jeffrey Noss in the place of John Does #1 through #4, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The Supreme Court erred in denying those branches of the plaintiffs cross motion which were for leave to amend the complaint to substitute Deputy Sheriff Edward Simovich, Deputy Sheriff Eric Hassid, Deputy Sheriff Sergeant Migliore, and Deputy Sheriff Sergeant Jeffrey Noss (hereinafter collectively the individual defendants) in the place of John Does #1 through #4, after the statute of limitations had expired. Contrary to the defendants’ contention, the plaintiff established the applicability of the relation-back doctrine. “The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well” (Bumpus v New York City Tr. Auth., 66 AD3d 26, 35 [2009]; see Buran v Coupal, 87 NY2d 173, 178 [1995]). Here, the claims against the individual defendants arise out of the same conduct, transaction, or occurrence as claims asserted against the defendant County of Suffolk, and the individual defendants and the County are united in interest (see Marrone v Miloscio, 145 AD3d 996, 999 [2016]; Castagna v Almaghrabi, 117 AD3d 666, 667 [2014]; see also Suffolk County Administrative Code § A17-1 [A]). Moreover, the individual defendants cannot claim prejudice, given that they were parties to a separate federal action brought by the estate of the plaintiff’s brother. The parties stipulated to consolidate this action with the federal action, and although the federal court declined to consolidate the actions, discovery in both actions nevertheless proceeded in a coordinated manner. Thus, the individual defendants should have known that, but for the plaintiff’s mistake, the action would have been brought against them as well (see Marrone v Miloscio, 145 AD3d at 999; Losner v Cashline, L.P., 303 AD2d 647 [2003]).
 

 However, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff’s cross motion which was for leave to amend the complaint to assert a new fourth cause of action against the County to recover damages for negligent hiring, training, and supervision. Despite the plain language of the plaintiff’s proposed amended complaint seeking to hold the County liable for the “hiring, screening, training instruction, supervision, and discipline of the Sheriffs deputies and non-uniform personnel,” the plaintiff conceded in his reply papers in further support of his cross motion that he did not wish to assert a cause of action against the County for negligent hiring, training, and supervision. Moreover, the plaintiff’s argument, raised for the first time in his reply papers, that the fourth cause of action should instead be construed as seeking to hold the County vicariously liable for the individual defendants’ actions is without merit, as the proposed amended complaint is palpably insufficient to plead a cause of action to recover against the County under that theory (see CPLR 3025 [b]; Yeshiva Ohr Torah Community School, Inc. v Zurich Am. Ins. Co., 78 AD3d 686, 689 [2010]).
 

 Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.