Appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 3, 2016. The order denied the plaintiff’s unopposed motion for leave to serve and file a supplemental and amended summons and complaint.
 

 Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the plaintiff’s motion for leave to serve and file a supplemental and amended summons and complaint is granted.
 

 In this mortgage foreclosure action, the plaintiff moved for leave to serve and file a supplemental and amended summons and complaint in order to add certain parties as defendants and assert a cause of action to quiet title to the mortgaged premises pursuant to RPAPL 1501. The Supreme Court denied the plaintiffs motion, concluding, in essence, that a mortgagee could not maintain a cause of action to quiet title.
 

 In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted “unless the proposed amendment is palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d 220, 222 [2008]; see CPLR 3025 [b]; Capezzano Constr. Corp. v Weinberger, 150 AD3d 811, 811 [2017]; Jablonski v Jakaitis, 85 AD3d 969, 971 [2011]). Moreover, pursuant to CPLR 1003, “[p]arties may be added at any stage of the action by leave of court” (see Jaramillo v Asconcio, 151 AD3d 947, 949 [2017]; Public Adm’r of Kings County v McBride, 15 AD3d 558, 559 [2005]).
 

 Here, the plaintiff’s proposed cause of action was not “palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d at 222). RPAPL 1501 provides that any person who “ ‘claims an estate or interest in real property’ may ‘maintain an action against any other person ... to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, . . . the defendant might make’ ” (Deramo v Laffey, 149 AD3d 800, 802 [2017], quoting RPAPL 1501 [1]; see Wellington v Financial Freedom Acquisition LLC, 132 AD3d 506, 506-507 [2015]; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801 [2012]). Pursuant to RPAPL 1501 (5), the interest held by any mortgagee of real property is an “interest in real property” as that phrase is used in article 15 (see Dano v American Friends of Boys Town Jerusalem, 85 AD2d 553 [1981]). Thus, contrary to the Supreme Court’s determination, the plaintiff, as mortgagee of the subject premises, asserted a cause of action to quiet title pursuant to RPAPL 1501 based on its claim that the mortgage encumbered the entire premises because the mortgagor acquired title to the entire premises by adverse possession (see Pirrelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 693 [2015]). Moreover, the plaintiff properly sought leave to amend the summons and complaint to add as defendants certain persons who might claim interests in the premises that are adverse to its own interest.
 

 Accordingly, the Supreme Court should have granted the plaintiff’s motion for leave to serve and file a supplemental and amended summons and complaint.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.