Myung Hwa Jang v Mang (2018 NY Slip Op 05851)





Myung Hwa Jang v Mang


2018 NY Slip Op 05851


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-05019
 (Index No. 8854/13)

[*1]Myung Hwa Jang, respondent, 
v
George Mang, etc., et al., defendants, Yuling Deng, etc., appellant.


Gordon & Silber, P.C., New York, NY (Andrew B. Kaufman, Nicholas J. Ajello, and Frederick Sung of counsel), for appellant.
Rosemarie Arnold, New York, NY (Paige R. Butler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Yuling Deng appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated March 8, 2016. The order granted the plaintiff's motion pursuant to CPLR 3025 and 1003 for leave to amend the complaint to add Yuling Deng as a defendant in the action.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, George Mang, Weining Liang, and W. Liang's Medical Office, P.C., its agents, servants, and/or employees (hereinafter the Liang defendants), inter alia, alleging medical malpractice related to medical treatment she received on February 26, 2013. On or about January 18, 2016, the plaintiff moved pursuant to CPLR 3025 and 1003 for leave amend the complaint to add Yuling Deng, a physician assistant employed by Liang and his medical practice, as a defendant in the action. The Supreme Court granted the plaintiff's motion, and Deng appeals.
"Parties may be added at any stage of the action by leave of court" (CPLR 1003). "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[b]). In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading "are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d 941, 942; Emigrant Sav. Bank v Walters, 155 AD3d 829, 830).
The relation-back doctrine allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where: (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be [*2]charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (see Buran v Coupal, 87 NY2d 173, 178-182; Eriksen v County of Suffolk, 154 AD3d 721, 722; Castagna v Almaghrabi, 117 AD3d 666, 667; see also CPLR 203[b], [c]).
The Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3025 and 1003 for leave to amend the complaint, as Deng suffered no prejudice or surprise resulting directly from the delay in seeking leave and the proposed amendment was not "palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 222; see Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d at 942; Emigrant Sav. Bank v Walters, 155 AD3d at 830). Although the applicable statute of limitations expired prior to the filing of the plaintiff's motion (see CPLR 214-a), the relation-back doctrine allowed the claim asserted against Deng to relate back to the claims previously asserted against the Liang defendants. The claim against Deng arose out of the same transaction or occurrence as the claims asserted against the Liang defendants, to wit, the plaintiff's treatment in Liang's medical office on February 26, 2013. Deng was united in interest with the Liang defendants, as she was an employee of Liang and his medical practice. Under the circumstances presented, Deng knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against her as well (see Buran v Coupal, 87 NY2d at 178-182; Erikson v County of Suffolk, 154 AD3d at 722-723; cf. Stevens v Winthrop S. Nassau Univ. Health Sys., Inc., 89 AD3d 835, 836; Karagiannis v North Shore Long Is. Jewish Health Sys., Inc., 80 AD3d 569, 569-570).
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court