Lewis v U.S. Bank N.A. (2020 NY Slip Op 04547)





Lewis v U.S. Bank N.A.


2020 NY Slip Op 04547


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-11216
 (Index No. 522890/16)

[*1]Roland Lewis, et al., respondents-appellants,
v
U.S. Bank National Association, etc., appellant-respondent, et al., defendant.


Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellant-respondent.
Korsinsky & Klein, LLP, Brooklyn, NY (Michael Korsinsky and Adam M. Birnbaum of counsel), for respondents-appellants.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property and for related declaratory relief, the defendant U.S. Bank National Association appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 17, 2018. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were, in effect, pursuant to CPLR 3211(b) to dismiss the defendant U.S. Bank National Association's first, seventh, tenth, fifteenth, sixteenth, and twenty-seventh affirmative defenses, and denied that branch of the defendant U.S. Bank National Association's cross motion which was for leave to amend its first amended answer. The order, insofar as cross-appealed from, denied those branches of the plaintiffs' motion which were, in effect, pursuant to CPLR 3211(b) to dismiss the defendant U.S. Bank National Association's twenty-ninth and thirty-sixth affirmative defenses and denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a)(7) to dismiss the defendant U.S. Bank National Association's counterclaim to recover damages for fraud.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiffs' motion which were, in effect, pursuant to CPLR 3211(b) to dismiss the defendant U.S. Bank National Association's first, seventh, tenth, and sixteenth affirmative defenses, and substituting therefor provisions denying those branches of the plaintiffs' motion, and (2) by deleting that provision thereof denying that branch of the defendant U.S. Bank National Association's cross motion which was for leave to amend its first amended answer, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
This is one of two related appeals concerning ownership of a parcel of real property located in Brooklyn (hereinafter the subject property) (see Lewis v Holliman, __AD3d__ [Appellate Division Docket No. 2019-01452; decided herewith]). The plaintiff Roland Lewis (hereinafter Lewis) allegedly inherited an interest in the subject property and then obtained sole title in the early [*2]1990s. He moved in with his then-wife, Mary Jean Holliman (hereinafter the decedent), but he later moved out due to marital discord.
Lewis commenced a divorce action against the decedent. There is no evidence in the record that a final judgment was issued in that action. However, the defendant U.S. Bank National Association (hereinafter the defendant), submitted a transcript of an inquest held in the divorce action on May 21, 2001, upon Lewis's default in appearing. The transcript indicates that Lewis was provided notice of the inquest. The transcript further indicates that a divorce was granted and the decedent was awarded the subject property as a distributive award, while Lewis was awarded commercial property in Alabama as his distributive award. The subject property was transferred into the decedent's name by deed dated October 3, 2003 (hereinafter the 2003 deed). According to Lewis, his signature on the 2003 deed was forged. In 2006, the decedent conveyed the subject property to her son Stacy Reeves, who financed his purchase with a mortgage that now belongs to the defendant.
Lewis claimed he first became aware of the 2003 deed and subsequent conveyances in 2013. In November 2013, he commenced an action (hereinafter the prior action) to quiet title against Reeves and the decedent. Upon the decedent's death, the action was discontinued against her. Lewis did not name the defendant as a party in the prior action. Upon Reeves' default, Lewis was awarded summary judgment invalidating the 2003 deed and all subsequent conveyances. Reeves's motion to vacate his default was denied. On appeal, this Court reversed on the ground that Lewis had failed to name the defendant as a necessary party (see Lewis v Holliman, 176 AD3d 1048, 1048-1050).
While that appeal was pending, Lewis and KK Greene, LLC, to whom Lewis had transferred one third of his purported interest in the subject property, commenced this action, inter alia, to invalidate the defendant's mortgage. The defendant's first amended answer asserted 37 affirmative defenses and 1 counterclaim sounding in fraud. The plaintiffs moved, in effect, pursuant to CPLR 3211(b) to dismiss all of the defendant's affirmative defenses, and moved pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim sounding in fraud. The defendant opposed the motion and cross-moved, among other things, for leave to amend its first amended answer to add a counterclaim, asserting that its lien was valid based upon the adverse possession of the mortgagor. The Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were to dismiss the defendant's first, seventh, tenth, fifteenth, sixteenth, and twenty-seventh affirmative defenses, denied those branches of the plaintiffs' motion which were to dismiss the defendant's twenty-ninth and thirty-sixth affirmative defenses and the fraud counterclaim, and denied that branch of the defendant's cross motion which was for leave to amend its first amended answer. The defendant appeals, and the plaintiffs cross-appeal.
We disagree with the Supreme Court's determination to grant those branches of the plaintiffs' motion which were, in effect, pursuant to CPLR 3211(b) to dismiss the defendant's first, seventh, tenth, and sixteenth affirmative defenses. "CPLR 3211(b) provides that [a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit.' When moving to dismiss, the plaintiff bears the burden of demonstrating that the affirmative defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense'" (Shah v Mitra, 171 AD3d 971, 974, quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748). " On a motion pursuant to CPLR 3211(b), the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7), and the factual assertions of the defense will be accepted as true'" (Shah v Mitra, 171 AD3d at 974, quoting Wells Fargo Bank, N.A., v Rios, 160 AD2d 912, 913). " Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed'" (Shah v Mitra, 171 AD3d at 974, quoting Wells Fargo Bank, N.A., v Rios, 160 AD2d at 913).
With respect to the defendant's first affirmative defense, alleging failure to state a cause of action, no motion lies under CPLR 3211(b) to strike this affirmative defense as this amounts to an endeavor by the plaintiff to test the sufficiency of his or own claim (see Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044; Butler v Catinella, 58 AD3d 145, 150-151). With respect to the [*3]defendant's seventh affirmative defense, alleging unclean hands; tenth affirmative defense, alleging ratification; and sixteenth affirmative defense, alleging laches, waiver, and estoppel, it is well established that a party may "remedy any defects" in a pleading by submitting evidence in opposition to a motion to dismiss (Benjamin v Yeroushalmi, 178 AD3d 650, 653; see Cron v Hargro Fabrics, 91 NY2d 362, 366). Here, the defendant submitted particularized allegations of fraud, coupled with evidence that Lewis should have been aware that the divorce court awarded the subject property to the decedent after an inquest in 2001, that he did nothing to assert his purported interest in the subject property until 2013 when he commenced an action against Reeves and the decedent only, and in the meantime enjoyed the benefits of the equitable distribution to him of a large commercial property in Alabama. The plaintiffs were thereby not entitled to dismissal of the defendant's seventh (see Golden Eagle Capital Corp. v Paramount Mgt. Corp., 88 AD3d 646, 648), tenth (see Cashel v Cashel, 94 AD3d 684, 686-687), or sixteenth (see Stein v Doukas, 98 AD3d 1026, 1028-1029) affirmative defenses.
We nevertheless agree with the Supreme Court's determination directing dismissal of the defendant's fifteenth affirmative defense, alleging collateral estoppel or res judicata, as well as its determination not to dismiss the defendant's twenty-ninth affirmative defense, alleging that the plaintiff failed to join a necessary party in the prior action, and not to dismiss the counterclaim sounding in fraud. The defendant identifies no existing judgment or determination upon which it may base a collateral estoppel or res judicata defense (see Janpol v Bruce S. Reznick, P.C., 295 AD2d 317, 318). Further, this Court previously determined that Lewis failed to join the defendant as a necessary party in the prior action (see Lewis v Holliman, 176 AD3d at 1049-1050). Additionally, Lewis allegedly misrepresented the status of the subject property, which was apparently the subject of a distributive award to the decedent, indicating fraudulent conduct on his part.
The Supreme Court should have granted the defendant's cross motion for leave to amend its first amended answer to assert an affirmative defense alleging adverse possession. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Emigrant Sav. Bank v Walters, 155 AD3d 829, 830, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "Pursuant to RPAPL 1501(5), the interest held by an mortgagee of real property is an interest in real property' as that phrase is used in article 15" (Emigrant Sav. Bank v Walters, 155 AD3d at 830). Such an interest may be pursued by means of a counterclaim (e.g., 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005; see CPLR 3019[a]). The defendant, as mortgagee, is entitled to assert "a cause of action to quiet title pursuant to RPAPL 1501 based on its claim that the mortgage encumbered the entire premises because the mortgagor acquired title to the entire premises by adverse possession" (Emigrant Sav. Bank v Walters, 155 AD3d at 830).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court