Wells Fargo Bank, N.A. v Hershey (2025 NY Slip Op 06355)

Wells Fargo Bank, N.A. v Hershey

2025 NY Slip Op 06355

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-01182
 (Index No. 610502/21)

[*1]Wells Fargo Bank, N.A., appellant-respondent,
v
Mark Hershey, et al., respondents-appellants, et al., defendant.

Weber Law Group, Melville, NY (Jaret S. Weber of counsel), for appellant-respondent.
Paula A. Miller, P.C., Smithtown, NY, for respondents-appellants.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property, for reformation of a mortgage, and for related declaratory relief, the plaintiff appeals, and the defendants Mark Hershey and Sally Hershey cross-appeal, from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated December 22, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action for an equitable lien and pursuant to RPAPL article 15 to quiet title and for a judgment declaring that the subject mortgage is a valid lien and encumbrance on the subject property. The order, insofar as cross-appealed from, denied the cross-motion of the defendants Mark Hershey and Sally Hershey pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for summary judgment on their counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action pursuant to RPAPL article 15 to quiet title and for a judgment declaring that the subject mortgage is a valid lien and encumbrance on the subject property, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying, on the merits, that branch of the cross-motion of the defendants Mark Hershey and Sally Hershey which was pursuant to CPLR 3211(a) to dismiss the cause of action for an equitable lien insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion as academic; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the subject mortgage is a valid lien and encumbrance on the subject property.
On June 12, 2012, the defendants Mark Hershey and Sally Hershey (hereinafter together the defendants) obtained a deed to certain real property located in Manorville (hereinafter the subject property). To finance the purchase of the subject property, the defendants executed and delivered to the plaintiff's predecessor in interest a note in the amount of $471,008, which was secured by a mortgage on the subject property. The mortgage, along with the deed, was recorded on July 2, 2012. The recorded mortgage correctly identified the street address of the subject [*2]property, and the attached Schedule A listed the correct lot number on the filed tax map. However, the Schedule A attached to the mortgage contained an incorrect metes and bounds description. The Schedule A attached to the recorded deed for the subject property included the correct metes and bounds description.
On June 3, 2021, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title and for a judgment declaring that the mortgage is a valid lien and encumbrance on the subject property or, alternatively, declaring the plaintiff to be in possession of an equitable lien on the subject property. The defendants answered the complaint, raising affirmative defenses, including that the causes of action were barred by the statute of limitations, and counterclaims to quiet title and for a judgment declaring that their interest in the subject property was unencumbered. The plaintiff moved for summary judgment on the complaint. The defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and for summary judgment on the counterclaims.
In an order dated December 22, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the causes of action for an equitable lien and pursuant to RPAPL article 15 to quiet title and for a judgment declaring that the subject mortgage is a valid lien and encumbrance on the subject property and the defendants' cross-motion. The plaintiff appeals, and the defendants cross-appeal.
RPAPL 1501(1) provides that any person who "claims an estate or interest in real property . . . may maintain any action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from allegations of the complaint, the defendant might make." This includes the interests of any mortgagees or successor in interest of a mortgagee (see id. § 1501[5]; Emigrant Sav. Bank v Walters, 155 AD3d 829, 830).
"[A]n instrument 'creating, transferring, assigning, or surrendering an estate or interest in real property' must be construed 'according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law'" (JPMorgan Chase Bank, N.A. v Zhan Hua Cao, 160 AD3d 821, 822, quoting Real Property Law § 240[3]). Where there is a conflict between the street address and the metes and bounds description in a mortgage, "there is an ambiguity that requires consideration of parol evidence" (id.; see Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492). This single discrepancy in the loan documents is not fatal to the validity of a mortgage (see Nationstar Mtge. LLC v Torres, 192 AD3d 458, 459).
Here, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action pursuant to RPAPL article 15 to quiet title and for a judgment declaring that the subject mortgage is a valid lien and encumbrance on the subject property. The plaintiff demonstrated, prima facie, that the mortgage encumbered the subject property by providing the note, a loan profile form signed by the defendants, and the deed, which all list the correct address for the subject property (see id.). Moreover, the recorded deed included the correct metes and bounds description in its attached Schedule A. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiff was entitled to judgment as a matter of law on that cause of action.
The parties' remaining contentions need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the subject mortgage is a valid lien and encumbrance on the subject property (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court